226 P.2d 175

### MASTERS v. STOCKGROWERS COMMISSION CO.

No. 7651.

Supreme Court of Idaho.

Dec. 15, 1950.

Rehearing Denied Jan. 12, 1951.

Rayborn & Rayborn, Twin Falls, for appellant.

Ray D. Agee, Twin Falls, for respondent.

GIVENS, Chief Justice.

Appellant's complaint states that: " * * on the 10th day of April, 1948, he delivered 44 head of cattle to the defendant for sale, through the (defendant's) livestock auction ring." That he received pay for only 43 head, and sued for $150.00 as the value of the additional animal.

Respondent's answer denied the delivery of 44 head of cattle, admitting the delivery of 43 head. The trial court thus presented this issue to the jury by Instruction No. 6:

"You are instructed that, if you find from the evidence it was the obligation of the plaintiff to deliver these cattle to the defendant's sales yards and that, in fulfilling such obligation on his part, he turned them over to the truckers to be carried by them to such sales yards, then you will find that the truckers were the agents of the plaintiff for the purpose of delivering said cattle to the defendant.

"And you are further instructed that, if you find that these truckers were the agents of the plaintiff in delivering said cattle to the defendant's yards, then the delivery of such cattle to said truckers by the plaintiff would not constitute a delivery of them to the defendant, but would only be a delivery of them by the plaintiff to his own agents. In such case, even if you do find that the plaintiff caused 44 head of cattle to be loaded in said trucks, that would not be sufficient to show a delivery of said 44 head of cattle to the defendant. The plaintiff must go further than that and show that

said truckers actually delivered said 44 head of cattle to the defendant's yards."

The jury returned a verdict in favor of appellant and judgment was entered in his favor for $123.41, together with costs, November 15, 1949, which on appropriate motion, hearing and consideration was set aside and judgment non obstante veredicto was entered in favor of respondent December 27, 1949, dismissing appellant's action.

The trucks and truck drivers were paid by appellant and it is conceded, for the purpose of this case, that the truck drivers were, as to the transportation of the cattle, appellant's agents:

Mr. Rayborn (Attorney for appellant): "We admit that the grower delivers them there to the stockyards, at his own expense, no argument about that."

Appellant and two of his neighbors, who assisted in loading the cattle on the trucks at his farm, testified 44 head of cattle were loaded into the trucks; 28 or 29 in a truck driven by one Darrell Peck and 15 or 16 in the truck driven by Roy Christensen. Appellant further testified he accompanied the cattle to the respondent's sales yard from his place, in the truck driven by Mr. Peck, which arrived at the yards ahead of the other truck, but he did not participate in or witness the unloading. The two truck drivers and certain of respondent's employees testified that when the trucks arrived at the Sales Yard and were unloaded, there were only 43 head in the trucks and unloaded therefrom.

There is no evidence as to what occurred on the trip of the trucks between appellant's farm and the sales yard. There is thus lack of positive or affirmative evidence showing continuity, or the reverse, of condition; i. e., the number of cattle in the trucks at the farm, during the trip, and at the point of delivery in the sales yard.

Respondent argues, with regard to this point, thus: "But assuming, for the sake of argument only, that an inference can be drawn from their testimony that 44 head of cattle were delivered, such inference was dispelled by the clear, positive and uncontradicted testimony of each truck driver, the employee of respondent, who counted the cattle as they were being unloaded, the brand inspector, who counted them in the sales ring, the documentary evidence supporting their testimony, and the testimony of the other witnesses, each of whom testified that only 43 head were delivered."

Appellant, on the other hand, thus argues: "To deny relief to appellant in this case necessarily infers that some unknown incident befell the cattle on the way to respondent's sale ground. It infers that in some mysterious fashion, one of the 44 head escaped from one of the trucks enroute. Are we to infer that one of the cattle jumped over the seven foot stockrack on these trucks, or that the drivers of the trucks stopped along the way and let one steer go free?"

We need not go into the matter of presumption and inference other than to de-

cide whether or not the conflict between the witnesses at the farm and those at the sales yard and the lack of evidence as to any occurrences on the trip, resulted in such a stalemate the court could, as a matter of law, take the question from the jury and decide in favor of respondent, as he did.

We have found only one case, involving a like situation, squarely in point: "It is suggested, however, in reply to this, that in the latter case an indispensable link in the chain necessary to connect the count at Lapeer with that at Cleveland is wanting, because it is admitted that there was no evidence to show that all the pieces of heading shipped at Lapeer were in fact delivered at Cleveland, and for aught that appears the quantity of the apparent difference may have been lost in transportation between the two places. But whether this was so probable, as to more reasonably account for the discrepancy, than the supposition of an error in one or both counts, was a matter for the consideration of the jury. They were not bound to assume a loss in transportation in the absence of any evidence on the subject, and were entitled to assume that the shipments arrived at their destination undiminished, in the absence of any reason to the contrary, * * *." Standard Oil Co. v. Van Etten, 107 U.S. 325, 1 S.Ct. 178, 184, 27 L.Ed. 319.

We have not found this case has either been followed or overruled, but upon its authority and the reasoning thereof, which is at least not unreasonable, and in defer-

ence to it, we conclude the conflict between the witnesses at the loading and unloading, even though there was no evidence as to any occurence during the trip, presented a jury question which the jury resolved in favor of appellant.

The judgment non obstante is, therefore, reversed and the cause remanded with instructions to reinstate the judgment on the verdict. Costs to appellant.

PORTER, TAYLOR, and KEETON, JJ., and McDOUGALL, District Judge, concur.